**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| | § | **Case No. (26-33356-11)** |
| **ROOTED ENTERPRISE, LLC** | § | |
| | § | |
| **Debtor.** | § | |

**EX PARTE APPLICATION TO EMPLOY COUNSEL**
**FOR DEBTOR-IN-POSSESSION**

**NOTICE PURSUANT TO LOCAL RULE 9013-1**

**A HEARING ON THIS MATTER IS SCHEDULED BEFORE THE HONORABLE JEFFRY P. NORMAN OR JUNE 16, 2026 AT 11:00 A.M. IN THE UNITED STATES BANKRUPTCY COURTROOM 403, 515 RUSK, HOUSTON, TEXAS 77002. PARTIES ARE AUTHORIZED TO APPEAR IN PERSON OR VIRTUALLY BY VIDEO AND TELEPHONE. PARTIES SHOULD CONSULT THE COURT'S WEBSITE FOR INSTRUCTION ON APPEARING IN COURT.**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE JEFFREY P. NORMAN

Rooted Enterprise, LLC ("**Rooted**" or "**Debtor**"), debtor and debtor in possession, respectfully makes this application ("**Application**") to employ Haselden Farrow PLLC as counsel, and represents as follows:

## Jurisdiction And Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Employment of professionals is governed by 11 U.S.C. § 327(a) and Federal Rule of Bankruptcy Procedure 2014.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

3. On May 11, 2026 (the "**Petition Date**"), Debtor commenced a bankruptcy case by filing a petition for relief under Chapter 11 of the Bankruptcy Code under Case No. 26-33356 ("**Bankruptcy Case**").

4. The Debtor continues to manage its property as a debtor and debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5. To date, no creditors' committee has been appointed this case. No trustee or examiner has been appointed.

6. Rooted is a Texas limited liability company formed June 16, 2021 for the sole purpose of acquiring and owning real property with a 12,359 sq ft commercial building located at 2775 Barron Road, College Station, TX 77845, Brazos County, Texas ("**Property**"). Rooted is co-owned by Stephanie Shoemake and her husband Steve Shoemake. The Property is leased to BCS Peas in a Pod Learning Center, LLC ("**PIAP**"), an affiliated entity owned by Stephanie Shoemake, which operates a childcare facility on the premises. Prosperity Bank retains a first lien mortgage on the Property and is owed approximately $2 million. The SBA retains a second lien on the Property and is owed approximately $1.6 million. Both Rooted and PIAP are co-borrowers with respect to the obligations owed to Prosperity Bank and the SBA and the Shoemake's are guarantors.

7. PIAP was formed in 2010 and has operated as licensed childcare facility since that time. The Property was built in 2022 for use as a childcare facility that can accommodate up to approximately 269 students. When PIAP first began occupying the facility, student enrollment averaged 50-60 students per week. While enrollment has continued to increase, enrollment has been insufficient for PIAP to maintain current rent payments to Rooted. The lease with PIAP is an NNN lease, with tenant responsible for property taxes, insurance and common area maintenance cost, plus base rent of $22,000 per month.

8. Prior to the Petition Date, PIAP encountered financial problems which resulted in a default in rent payments to Rooted, which cause Rooted to default in its obligations to Prosperity and the SBA. Prosperity initiated litigation against the borrowers and guarantors and planned to foreclose on the Property in June 2026, thereby leaving Rooted with a viable path outside of a Chapter 11 and prompting the filing of the Bankruptcy Case.

9. PIAP is continuing to increase enrollment and improve its financial position. The Debtor intends to seek modification of the lease to allow PIAP to cure the arrears and become current in its lease obligations[1]. A modification will allow Rooted to begin receiving rent, which will serve as the basis for its reorganization efforts.

## ENGAGEMENT OF PROPOSED ATTORNEYS

10. In connection with the performance of its duties and obligations as debtor-in-possession, Debtor now requests authority to employ Elyse Farrow and Haselden Farrow PLLC (collectively "**HF**") as its attorneys in this case, effective as of the Petition Date.

[1] Prior to the Petition Date, PIAP and Rooted began negotiating an agreement but none ever became effective.

11. Debtor seeks to retain HF to provide Debtor with legal advice and services with respect to the case, Debtor's powers and duties as debtor-in-possession, including but not limited to the following:

- to assist, advise and represent Debtor relative to the administration of this Bankruptcy Case;
- to assist, advise and represent Debtor in analyzing its assets and liabilities, investigating the extent and validity of liens, and participating in and reviewing any proposed asset sales or dispositions;
- to attend meetings and negotiate with the representatives of creditors;
- to assist Debtor in the preparation, analysis, and negotiation of any Chapter 11 plan;
- to take all necessary action to protect and preserve the interests of the Debtor;
- to appear, as appropriate, before this Court, the Appellate Courts, Harris County District Courts, and other Courts in which matters may be heard and to protect the interests of the Debtor before said Courts and the United States Trustee;
- handle litigation that arises regarding claims asserted against Debtor or of its assets; and
- to perform all other necessary legal services in these cases.

12. Debtor desires to retain HF because of HF's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code. Ms. Farrow has been licensed since 2008 and has been practicing commercial bankruptcy since 2022. Additionally, Ms. Melissa A. Haselden, one of HF's bankruptcy attorneys, is Board Certified by the Texas Board of Legal Specialization in Business Bankruptcy. As such, Debtor believes said attorneys are well qualified to represent Debtor as a debtor-in-possession in

these proceedings. It is necessary for Debtor, as debtor-in-possession, to employ attorneys for such professional services.

## PROFESSIONAL COMPENSATION

13. With the Court's permission, HF shall perform all legal services for the debtor-in-possession which may be necessary at their regular hourly rates.

14. HF's hourly rates are set at a level designed to compensate it fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates, disclosed below, are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere. HF may increase its rates yearly effective January 1.

15. Current hourly billing rates for HF are:

| | |
|---|---|
| Melissa A. Haselden | $625 |
| Elyse M. Farrow | $495 |
| Associates/Contract Attorneys | $495-$625 |
| Legal Assistants/Paralegals/Law Clerks | $175-$225 |

16. Other than the periodic adjustments described above, HF's hourly rates and financial terms of the prepetition engagement are consistent with the hourly rates and financial terms of the engagement proposed herein.

17. HF received the following retainers via ACH from PIAP on behalf of the Debtor: On 1/29/26, HF received $5.00; on 2/2/26, HF received $5,000; on 4/25/26, HF received $8,500; on 5/1/26, HF received $8,238 (including $1,738 for Ch. 11 filing fees). On 5/11/26, HF applied $11,489.50, plus $1,738 in filing fees (aggregate amount applied $13,227.50) of the prepetition retainer to prepetition invoices for legal services and expenses provided in conjunction with the

bankruptcy preparation, leaving the balance of $8,515.50 as the post-petition retainer for fees and expenses to be billed in connection with this Bankruptcy Case.

**HF DISINTERESTEDNESS**

18. The attorneys with HF have professional connections through the Moller/Foltz Inn of Court, Turnaround Management Association, International Women's Insolvency & Restructuring Confederation, American Bankruptcy Institute, Houston Bar Association, continuing education courses, and/or social media through which certain attorneys may have connections to the United States Trustee's office, Judge, Court staff, and other bankruptcy practitioners who may represent parties in these cases.

19. Further, Ms. Haselden was originally contacted by PIAP and Rooted to discuss bankruptcy options for the companies. Ms. Haselden was not consulted about representation of the Shoemake's and has referred them to other counsel. Ms. Haselden reviewed various documents from PIAP and Rooted, including limited financial information from PIAP. Ultimately, HF was engaged by Rooted. HF has never been engaged by PIAP or the guarantors and will not do so during the pendency of the Bankruptcy Case.

20. HF does not believe any of these connections create an adverse relationship with Debtor or precludes it from representing the Debtor in this case.

21. Accordingly, except as otherwise disclosed herein and in the Farrow Declaration, attached hereto as **Exhibit A** ("**Farrow Declaration**"), which is fully incorporated herein, HF and its attorneys do not represent any interest adverse to Debtors or their respective estates, nor does HF have any connections with each Debtor, its creditors, or any other party in interest, its attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

22. Moreover, except as otherwise disclosed in the Farrow Declaration, Debtors do not have any relationship with the United States Trustee, or with any employee of the United States Trustee, in the region where these cases are pending. To the extent that the Farrow Declaration discloses any connection, Debtors believe it is not sufficient to prohibit employment as counsel.

23. Based upon the Farrow Declaration and each Debtor's knowledge, HF does not represent any interest adverse to either Debtor, its respective estate, creditors, equity holders, or affiliates in the matters upon which HF is to be engaged and is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code, and as required by Section 327(a) of the Bankruptcy Code.

## SUPPORTING AUTHORITY

24. Debtor seeks retention and employment of HF as its bankruptcy counsel pursuant to Section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

25. Rule 2014(a) of the Bankruptcy Rules requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

26. Debtor believes that for all the reasons stated herein the retention and employment of HF as set forth herein is warranted. Furthermore, as stated in the Farrow Declaration, HF is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code, as required by Section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to Debtor, and has no connection to Debtor, its creditors, or other parties in interest, except as set forth herein and in the Farrow Declaration. Accordingly, Debtor requests that this Application be approved.

WHEREFORE, Debtor hereby requests that it be authorized to employ the law firm of Haselden Farrow PLLC to represent it as a debtor-in-possession in this bankruptcy proceeding effective as of the Petition Date and that Debtor have such other and further relief as is just.

DATED: May 22, 2026

Respectfully submitted,

**ROOTED ENTERPRISE, LLC**
a Texas Limited Liability Company

By: Stephanie Shoemake with permission /s/ Elyse M. Farrow
Name: Stephanie Shoemake
Title: Managing Member

**HASELDEN FARROW PLLC**

By: *<u>/s/ Elyse M. Farrow</u>*
ELYSE M. FARROW
State Bar No. 24062719
MELISSA A. HASELDEN
State Bar No. 00794778
708 Main St., 10th Floor
Houston, Texas 77002
Telephone: (832) 819-1149
Facsimile: (866) 405-6038
Email: mhaselden@haseldenfarrow.com
efarrow@haseldenfarrow.com
*Proposed Attorneys for Debtor and Debtor in Possession*
*ROOTED ENTERPRISE, LLC*

**CERTIFICATE OF SERVICE**

I certify that on May 22, 2026 a copy of the *Debtor's Application to Employ Counsel for Debtor-in-Possession* was served on the parties through the Court's BK/ECF filing system.

*/s/ Elyse M. Farrow*
ELYSE M. FARROW