**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **ROOTED ENTERPRISE, LLC,** | § | **CASE NO. 26-33356** |
| | § | **CHAPTER 11** |
| **Debtor** | § | |

**PROSPERITY BANK'S OBJECTION TO DEBTOR'S MOTION (I) FOR INTERIM AUTHORITY TO USE CASH COLLATERAL UNDER 11 USC 363 AND 105 AND (II) REQUEST FOR FINAL HEARING [DOCKET NO. 12]**

**TO THE HON JEFFREY NORMAN**
**UNITED STATES BANKRUPTCY JUDGE**

Prosperity Bank ("Creditor" or the "Bank"), secured creditor and party in interest in the captioned proceeding, files this Objection to Debtor's Motion (I) For Interim Authority to Use Cash Under 11 USC section 363 and 105 and (II) Request for Final Hearing [Docket No. 12] (the "Motion") and would show the Court as follows:

1. On or about May 11, 2026, the Debtor Rooted Enterprise, LLC ("Debtor") filed for relief under Chapter 11 title 11, United States Code. Since that date, the Debtor is required to operate as a debtor and debtor in possession pursuant to 11 USC sections 1107 and 1108 of Texas Bankruptcy Code.

2. The Debtor is indebted to Prosperity Bank pursuant to that certain Promissory Note, executed by Debtor, and non-debtor BCS Peas in a Pod Learning Center, LLC ("BCS" or "Tenant"), dated September 7, 2022 in the original principal amount of $1,761,000.00, which was modified pursuant to that certain Modification, Renewal and Extension Agreement, which, *inter alia*, increased the principal balance under the Note to $2,073,000.00, plus interest as calculated therein (collectively, the "Note").

3. The Note is secured by, *inter alia*, (a) that certain Deed of Trust (With Security Agreement and Assignment of Rents and Leases) (the "Deed of Trust"), dated September 7, 2022, executed by Debtor, which granted the Creditor a perfected lien and security interest in certain real and personal property located in Brazos County, Texas, with the legal description of Lot Two (2), Block One (1), Harper's Crossing, City of College Station, according to the plat thereof recorded In Volume 10792, Page 124, Official Records, Brazos County, Texas, (the "Property"), recorded in the Official Records of Brazos County under Doc. No. 1482927, which contains an assignment of rents and leases; and (b) that certain Assignment of Rents and Leases recorded in the Official Records of Brazos County under Doc. No. 1482929, which assigns all rents, revenues, profits and proceeds from the Property to Creditor. Accordingly, all of the Debtor's rents, income, revenue and profits from the Property, and all proceeds relating thereto, constitute the cash collateral of Creditor.

4. Copies of the Note, Note Modification, Deed of Trust and Assignment of Rents are attached hereto as Exhibits "1", "2", "3" and "4" and incorporated herein for all purposes.

5. Due to Debtor's default under the Note for failure to make payments, the Note was accelerated on November 3, 2025. The Property was in the process of being posted for a June foreclosure sale, which was stayed by the bankruptcy filing. At the time of the bankruptcy filing, the Bank was owed approximately $2,273,728.56.

6. In addition to the Bank's first liens on both the Property and cash collateral of the Debtor, the Small Business Administration is scheduled as the holder of a secured claim against the Property, in excess of $1.6 million. In addition, 2025 real

property taxes have not been paid in the approximate amount of $68,000. While there is equity above the Bank's lien, making the Bank oversecured under 11 USC section 506(b), based on the Debtor's value of the Property in its schedules, there appears to be no equity in the Property, when all liens against the Property are calculated.

7. The chapter 11 case was filed as a single asset real estate case under the Code. Debtor's sole source of income is from rental payments from that certain Lease Agreement, dated effective August 29, 2022, executed by the Debtor and an affiliated entity, BCS. The Lease requires the tenant, BCS, an entity wholly owned by the Debtor's owners to make rental payment of $22,000 a month, plus pay prorated real estate taxes on the Property monthly to the Debtor (estimated at $5,000) and maintain insurance on the Property. A copy of the Lease Agreement is attached as Exhibit "5" hereto and incorporated herein for all purposes.

8. According to the Debtor's Schedules, BCS has not made any lease payments since November 2025, which includes no rental payments in calendar year 2026 up to the bankruptcy filing date. The Schedules show that BCS owes the Debtor over $132,000 in past due rent and, upon information and belief, no collection actions have been instituted to collect this past due rent. Further, upon information and belief, BCS is paying the Debtor's principal, rather than pay the Bank, or the non-insider creditors of the Debtor.

9. Debtor's Motion attaches a 30 day budget, which shows total rent to be paid by BCS for the month of July of $13,137[1], which appears to flow through to pay

[1] This amount appears to be the nondefault contract rate for adequate protection payments under 11 USC section 362 (d)(3). The Bank was charging default interest on the filing date. Payment of adequate protection under section 362 (d)(3) does not affect the Bank's right to recover postpetition interest at the default rate in effect on the Filing Date, and the Bank reserves all rights to recover postpetition interest at

Prosperity Bank's an adequate protection payment for July. This amount is substantially less than the $22,000 monthly rent required under the Lease and does not include the monthly tax payment of approximately $5,000 a month . Further, it does not appear that the postpetition rent due for June 2026 was paid by BCS. The other income shown in the 30 day budget is $6,830 for insurance, which also appears to flow through to pay the insurance which BCS is required to maintain under its Lease. Other than these 2 expenses that are paid by BCS, the other expenses budgeted are $2,500 for professional fees, $30 in Bank fees and 325 in US Trustee fees.

10. Prosperity Bank objects to the Debtor's use of cash collateral on an interim and final basis for numerous reasons. First, there appears to be issues relating to Debtor's current management because (a) no collection actions have been undertaken against BCS to collect the past due rent; (b) BCS is not required to pay the full monthly postpetition rental amount and perform all postpetition obligations under the Lease and (b) upon information and belief, Debtor's principal is receiving compensation from BCS, rather than paying the required rental amount to the Debtor.[2] The Bank is being harmed by the failure to pay rent because the real property taxes are not being paid, as required under the Lease, and no payments have been made to the Bank during this time period. Further, it appears the insurance that is sought to be paid under the budget, is a pass-through, which was previously paid by BCS directly.

11. In addition, the Bank objects to the Debtor's professionals being paid out of its cash collateral as proposed in the budget as such payments do not satisfy the 506(c)

---

the default rate under 11 USC section 506(b) under well settled Fifth Circuit case law. *See In re Southland Corp.*, 160 F3d 1054, 1059-1060 (5th Cir.1998) (There is a presumption that default interest is generally allowed absent limited equitable considerations).

[2] The Bank reserves the right to seek the appointment of a trustee and/or lift stay or any other remedy due to these inactions by current management and any other reason under applicable law.

requirements under Fifth Circuit case law. *See In re Domistyle*, 811 F3d 691, 695, *quoting 4 Collier on Bankruptcy P.* 506.05 (16th ed. 2015)("The general rule in bankruptcy is that administrative expenses cannot be satisfied out of collateral property 'but must be borne out of the unencumbered assets of the estate.'") Finally, with questionable equity in the Property, and rent not being paid in the amounts required by the Lease, it does not appear that a plan can be confirmed which complies with the requirements of the Code. The Bank is not adequately protected if cash collateral is expended for any reason other than to pay the Bank, and to provide replacement liens, or to require BCS to comply with its requirements under the Lease to pay taxes, maintain insurance and to maintain the Property.

12. Prosperity Bank reserves its right to supplement and amend this Objection for any reason.

WHEREFOR, PREMISES CONSIDERED, Prosperity Bank respectfully requests that the Court deny the Debtor's Motion, or limit Debtor's use of cash collateral as requested herein for the reasons set forth herein, and any other reason under applicable law, and for such further relief as the Court deems just.

Respectfully submitted,

/s/ Preston T. Towber
Preston T. Towber
Texas State Bar No. 20152600;
Fed ID #8217
Towber Law Firm PLLC
1111 Heights Blvd
Houston, Texas 77008
(832) 485-3555 Phone
email: preston@towberlaw.com
ATTORNEYS for Prosperity Bank

CERTIFICATE OF CONFERENCE

The undersigned certifies that he spoke with Debtor's counsel Melissa Haselden on June 11, 2026 at 9:10 am about the objection. At the time of the filing of this Objection, no agreement had been reached.

/s/Preston T. Towber

CEWRTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Objection was sent to all persons listed below and/or on the ECF electronic service list to receive by electronic service either via electronic mail by the ECF system or regular mail on this 11th day of June 2026.

Melissa Haselden
Elyse Farrow
Haselden & Farrow
708 Main St 10th Floor
Houston, TX 77002

Jana Smith Whitworth
United States Trustee
515 Rusk, Suite 3516
Houston, Texas 77002

/s/Preston T. Towber