**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **ROOTED ENTERPRISE, LLC** | § | |
| | § | Case No. 26-33356-11 |
| Debtor. | § | |
| | § | |

**DEBTOR'S MOTION TO EXPEDITE HEARING ON DEBTOR'S MOTION FOR ORDER APPROVING AUTHORITY TO ENTER INTO PREMIUM FINANCE AGREEMENT WITH ETI FINANCIAL CORPORATION AND TO SHORTEN OBJECTION DEADLINE**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EXPEDITED RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EXPEDITED BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**To the Honorable Jeffrey P. Norman,**
**United States Bankruptcy Judge:**

Rooted Enterprise, LLC (**"Rooted"** or **"Debtor"**), debtor and debtor in possession in the above-captioned Chapter 11 case, files this Debtor's Motion to Expedite Hearing on Debtor's Motion for Order Approving Authority to Enter Into Premium Finance Agreement with ETI

Financial Corporation and to Shorten Objection Deadline (the **"Motion to Expedite"**). In support thereof, the Debtor respectfully states as follows:

## I. INTRODUCTION

1. Contemporaneously with this Motion to Expedite, the Debtor has filed its *Debtor's Motion for Order Approving Authority to Enter Into Premium Finance Agreement with ETI Financial Corporation* (the **"Premium Finance Motion"**, Doc. No. 17) and seeks expedited consideration on or before July 6, 2026. The Premium Finance Motion seeks authority for the Debtor to enter into a premium finance agreement with ETI Financial Corporation (**"ETI"**) to renew its commercial property insurance coverage for the period July 8, 2026 through July 8, 2027.

2. The Debtor's existing commercial property insurance policy expires on July 8, 2026. Any lapse in coverage would leave the principal asset of this estate uninsured, would constitute a violation of the Debtor's obligations to secured lenders Prosperity Bank and the U.S. Small Business Administration, and would jeopardize the Debtor's ability to reorganize. The Debtor must execute the Premium Finance Agreement and remit the required down payment of $6,460.03 to ETI no later than July 7, 2026 to ensure continuous coverage as of July 8, 2026.

3. The standard 21-day objection period under Local Rule 9013-1 would expire on July 10, 2026, two days after the insurance coverage lapses. Expedited consideration of the Premium Finance Motion is therefore necessary to prevent irreparable harm to the estate.

## II. BASIS FOR EXPEDITED CONSIDERATION

4. Federal Rule of Bankruptcy Procedure 9006(c)(1) provides that, for cause shown, the court may in its discretion reduce the period of time for providing notice. Good cause exists here for the following reasons:

**(a) Policy expiration creates a hard deadline.** The Debtor's commercial property insurance expires on July 8, 2026. To maintain continuous coverage without any lapse, the Debtor must execute the Premium Finance Agreement and remit the $6,460.03 down payment to ETI no later than July 7, 2026. The standard 21-day notice period would expire on July 10, 2026, after coverage has already lapsed.

**(b) The Rooted Property is the primary asset of this estate.** The Debtor's sole asset is a 12,359 square foot commercial building. An uninsured loss to the Rooted Property would be catastrophic to creditors and would eliminate any prospect of a successful reorganization. The Debtor's secured lenders, Prosperity Bank and the SBA, hold liens against the Rooted Property and have a compelling interest in its continued insured status.

**(c) The insurance cost is already included in the proposed cash collateral budget.** The down payment under the Premium Finance Agreement is reflected in the Debtor's proposed cash collateral budget submitted to this Court. The cash collateral budget further reflects that the Debtor's tenant, BCS Peas in a Pod Learning Center, LLC, is obligated under a triple-net lease to remit the insurance costs to the Debtor. No additional estate funds beyond those already budgeted are required.

**(d) The relief is non-controversial and narrowly tailored.** Premium finance agreements are routinely approved by courts in this district. The security interest granted to ETI is limited solely to the financed insurance policy and its unearned premiums. It does not encumber any other property of the estate. The terms are commercially reasonable. No creditor is unfairly prejudiced by the shortened notice period.

**(e) The July 6, 2026 status conference provides an efficient vehicle.** The Court has already set a status conference in this case for **July 6, 2026 at 11:00 a.m.** Adding the Premium Finance Motion to that existing setting would permit the Court to consider the motion without a separate hearing date and would avoid any additional burden on the Court's docket.

## III. RELIEF REQUESTED

5. The Debtor respectfully requests that this Court enter an order:

   a. Scheduling a hearing on the Premium Finance Motion for **Monday, July 6, 2026, at 11:00 a.m.**, before the Honorable Jeffrey P. Norman in Courtroom 403, 4th Floor, 515 Rusk, Houston, Texas 77002, in conjunction with the status conference already set in this case;
   b. Shortening the objection deadline to fourteen (14) days from the date of service, with objections due on or before July 3, 2026;
   c. Authorizing the Debtor, upon entry of an order granting the Premium Finance Motion, to execute the Premium Finance Agreement with ETI Financial Corporation and remit the down payment of $6,460.03 no later than July 7, 2026, to ensure uninterrupted commercial property insurance coverage as of July 8, 2026; and
   d. Granting such other and further relief as the Court deems just and proper.

## IV. CONCLUSION

For the reasons stated herein, the Debtor respectfully requests that the Court grant this Motion to Expedite and enter an order scheduling a hearing on the Premium Finance Motion for July 6, 2026 at 11:00 a.m., shortening the objection deadline to July 3, 2026, and granting such other and further relief as is just and proper.

DATED: June 19, 2026

Respectfully submitted,

**HASELDEN FARROW PLLC**

By: /s/ Elyse M. Farrow
Elyse M. Farrow
State Bar No. 24062719
708 Main Street, 10th Floor
Houston, Texas 77002
Telephone: (832) 819-1149
Facsimile: (866) 405-6038
efarrow@haseldenfarrow.com
*Attorneys for Debtor and Debtor*
*in Possession Rooted Enterprise, LLC*

**OF COUNSEL:**
**HASELDEN FARROW PLLC**
MELISSA A. HASELDEN
State Bar No. 00794778
708 Main Street, 10th Floor
Houston, Texas 77002
Telephone: (832) 819-1149
Facsimile: (866) 405-6038
mhaselden@haseldenfarrow.com
*Attorneys for Debtor and Debtor*
*in Possession Rooted Enterprise, LLC*

## CERTIFICATE OF SERVICE

I certify that on June 19, 2026, a copy of the foregoing Debtor's Motion to Expedite Hearing on Debtor's Motion for Order Approving Authority to Enter Into Premium Finance Agreement with ETI Financial Corporation and to Shorten Objection Deadline was served on the parties seeking service through the Court's BK/ECF filing system. A separate declaration evidencing service on all other parties in interest by First Class U.S. Mail, postage prepaid, will be filed.

/s/ Elyse M. Farrow
**Elyse M. Farrow**