United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 10, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **ROOTED ENTERPRISE, LLC,** | § | CASE NO. 26-33356 |
| | § | CHAPTER 11 |
| *Debtor.* | § | |

**AGREED ORDER ON CONTINUED USE OF CASH COLLATERAL**
**(August 10 – September 30, 2026) AND CONDITIONING AUTOMATIC STAY**

BEFORE THE COURT is the Debtor's Motion for Order Authorizing Use of Cash Collateral Under 11 U.S.C. §§ 363 and 105 [Doc. No. 12] (the "**Motion**") filed by Rooted Enterprise, LLC, debtor and debtor-in-possession ("**Debtor**"). The Bankruptcy Court entered an Interim Order for Use of Cash Collateral on June 30, 2026 [Doc. No. 35] (the "**First Interim Order**"). The parties, Debtor and Prosperity Bank ("**Prosperity Bank**"), having reached agreement on the terms for continued use of cash collateral through September 30, 2026, and conditioning the automatic stay as to Prosperity Bank, and the Court having considered the agreement of the parties, the budget filed herewith, and the representations of counsel, and being of the opinion that the relief requested is in the best interests of the estate, it is hereby:

**ORDERED, FINDINGS, AND CONCLUSIONS:**

1. The Motion is GRANTED. The Debtor is authorized to use cash collateral, as defined in 11 U.S.C. § 363(a), including rental income received from its tenant BCS Peas In A Pod Learning Center, LLC ("**PIAP**"), for the period from August 10, 2026 through September 30, 2026 (the "**Budget Period**"), solely in accordance with the budget attached hereto as Exhibit "A" (the "**Budget**"). The following paragraphs set forth the terms and conditions of this authorization.

2. The terms of this Order are as follows:

   a. **Adequate Protection Payments:** Under the First Interim Order, the Debtor remitted adequate protection payments to Prosperity Bank for July and August 2026 in the amount of $15,000 each month. Beginning September 15, 2026, the Debtor shall continue to remit $15,000.00 per month to Prosperity Bank through the expiration of the Budget Period.

b. **Insurance:** The Debtor shall maintain property insurance on the Property in full force and effect at all times during the Budget Period.

c. **Authorized Expenses:** In addition to the monthly adequate protection payments, the Debtor is authorized to pay the following expenses in accordance with the Budget: (a) commercial property insurance premiums pursuant to the Premium Finance Agreement with ETI Financial Corporation, as previously authorized by the Court [Doc. No. 20]; (b) bank service charges as they accrue; and (c) U.S. Trustee quarterly fees as they come due. No other expenditures are authorized without further order of this Court.

d. **Replacement Liens:** As additional adequate protection for secured lenders, including Prosperity Bank and the SBA's interest in the Debtor's cash collateral, Prosperity Bank and the SBA are hereby granted replacement liens on all post-petition rents, proceeds, and other cash collateral generated by the Debtor from and after the Petition Date, to the same extent, validity, and priority as Prosperity Bank and the SBA's pre-petition liens, effective as of the Petition Date. Such replacement liens are in addition to, and not in substitution for, any other liens, rights, or remedies of Prosperity Bank or the SBA.

e. **Termination of Use of Cash Collateral**. If the Debtor fails to make any required payment to Prosperity Bank, or to maintain insurance, or to comply with the budget, Prosperity Bank shall provide written notice of default to Debtor's counsel and the Debtor shall have five (5) business days to cure. If the default is not cured in its entirety, the automatic stay terminates automatically in its entirety as to Prosperity Bank and the Property.

**f.** **Sale Deadline:** The Debtor shall (a) enter into a binding written contract for the sale of the Property (as defined herein), signed by both Seller and Buyer, on or before September 30, 2026, such contract shall be accepted and title opened by a reputable title company in an amount to pay the Prosperity Bank's debt in full, which includes default interest, plus attorney's fees and expenses, as set forth in a written payoff provided to Debtor by Prosperity Bank. The proposed Buyer must provide written evidence of its financial wherewithal to close the sale within 30 days, or on or October 30, 2026 and (b) on or before October 30, 2026, the sale must close and payoff Prosperity Bank's debt in full, which includes default interest, plus attorney's fees and expenses, as set forth in a written payoff provided to Debtor by Prosperity Bank. If either of the deadlines set forth in (a) or (b) is not met, the automatic stay shall terminate in its entirety as to Prosperity Bank and the Property (as defined herein), and Prosperity Bank shall be entitled to exercise all rights and remedies available under its loan documents and applicable law, including, but not limited to, foreclosure of the Property and talking all actions to obtain possession of the Property.

g. **Reservation of Rights:** All rights of Prosperity Bank to assert claims relating to: (i) any conflict of interest between the Debtor and PIAP and/or Stephanie Shoemake; and (ii) any unpaid rents, charges, or other amounts owed by PIAP to the Debtor, **are fully reserved and preserved** and shall not be deemed waived, released, or otherwise affected by entry of this Order or by Prosperity Bank's agreement to the terms hereof. Nothing in this Order shall be construed as an adjudication or waiver of any such rights.

h. **PIAP Bank Statements:** The Debtor shall use commercially reasonable efforts to cause PIAP to provide bank statements to Prosperity Bank for the months of May – July 2026, no later than ten (10) days after the date of this Order.

3. This Order shall remain in effect through September 30, 2026. The Court sets a further interim or final cash collateral hearing on October 2, 2026 at 9:30 a.m.

4. The Debtor shall have thirty (30) days after the date of Prosperity Bank's filing of its Proof of Claim in this case to file an objection to any claim filed by Prosperity Bank. Prior to filing an objection with the Court, the Debtor shall confer with Prosperity Bank to resolve any objection without the need for the filing of an Objection. If the Debtor files a timely objection to Prosperity's claim, the Debtor will seek expedited consideration of the claim objection and shall use its best efforts to have the Court determine the claim objection on or before the sale closing date of October 30 2026. If the claim objection is filed and cannot be resolved before the October 30, 2026 closing date, the disputed portion of Prosperity's claim shall be escrowed by the Debtor, with default interest, plus sufficient funds set aside from the sales proceeds to pay any additional attorney's fees and expenses incurred by the Bank and Prosperity Bank's first and senior lien shall attach to the sales proceeds escrowed by the Debtor, and shall be a first lien in, and on, the sales proceeds. The undisputed portion shall be paid to Prosperity Bank at closing of the sale. The failure to file an objection to Prosperity Bank's claim within such thirty (30) day period shall deem Prosperity Bank's claim to be an allowed oversecured claim under 11 USC section 506(b) in the amounts set forth in Prosperity Bank's Proof of Claim, plus post-petition interest, attorney's fees and expenses, and not subject to further objection in this bankruptcy case for any reason in any contested matter or adversary proceeding.

5. "Property" under this Order is defined as that certain real and personal property located in Brazos County, Texas, with the legal description of Lot Two (2), Block One (1), Harper's Crossing, City of College Station, according to the plat thereof recorded in the Official Records of Brazos County, Texas under Doc. No. 1482927 (the "**Real Property**"), plus all rents, revenues, profits and proceeds from the Real Property as set forth in Prosperity Bank's Assignment of Rents recorded under Instrument No. 1482929 in the Official Records of Brazos County, Texas.

6. The Court retains exclusive jurisdiction to interpret and enforce this Order pursuant to 28 U.S.C. § 1334.

Signed: August 10, 2026

Jeffrey P. Norman
United States Bankruptcy Judge

AGREED AS TO FORM AND SUBSTANCE:

| | |
|---|---|
| /s/ Elyse M. Farrow<br>Elyse M. Farrow<br>State Bar No. 24062719<br>HASELDEN FARROW PLLC<br>708 Main Street, 10th Floor<br>Houston, Texas 77002<br>(832) 819-1149<br>efarrow@haseldenfarrow.com<br>Attorneys for Debtor and Debtor-in-Possession<br>Rooted Enterprise, LLC | /s/<br>Preston T. Towber<br>TOWBER LAW FIRM, PLLC<br>1111 Heights Blvd<br>Houston, Texas 77008<br>(832) 485-3555<br>preston@towberlaw.com<br>Attorneys for Prosperity Bank |

## Rooted Enterprise, LLC — Debtor-In-Possession

*Case No. 26-33356 | August 1 – September 30, 2026*

| | Wk 1 8/1-8/7 | Wk 2 8/8-8/14 | Wk 3 8/15-8/21 | Wk 4 8/22-8/31 | Aug Total | Wk 5 9/1-9/7 | Wk 6 9/8-9/14 | Wk 7 9/15-9/21 | Wk 8 9/22-9/30 | Sep Total |
|---|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | | |
| Rent from PIAP | 16,981.33 | - | - | - | 16,981.33 | 16,981.33 | - | - | - | 16,981.33 |
| **Total Income** | **16,981.33** | **-** | **-** | **-** | **16,981.33** | **16,981.33** | **-** | **-** | **-** | **16,981.33** |
| **COURT-AUTHORIZED DISBURSEMENTS** | | | | | | | | | | |
| Adequate Protection – Prosperity Bank | 15,000.00 | - | - | - | 15,000.00 | 15,000.00 | - | - | - | 15,000.00 |
| Property Insurance – ETI premium | - | 1,858.00 | - | - | 1,858.00 | - | 1,858.00 | - | - | 1,858.00 |
| U.S. Trustee Quarterly Fee | - | - | - | - | - | - | - | - | - | - |
| Bank Service Charges | - | - | - | - | - | - | - | - | - | - |
| **Total Disbursements** | **15,000.00** | **1,858.00** | **-** | **-** | **16,858.00** | **15,000.00** | **1,858.00** | **-** | **-** | **16,858.00** |
| **Net Cash Flow** | **1,981.33** | **(1,858.00)** | **-** | **-** | **123.33** | **1,981.33** | **(1,858.00)** | **-** | **-** | **123.33** |
| **CASH POSITION** | | | | | | | | | | |
| **Ending Cash Balance** | **8,756.33** | **6,898.33** | **6,898.33** | **6,898.33** | **6,898.33** | **8,879.66** | **7,021.66** | **7,021.66** | **7,021.66** | **7,021.66** |
| **DESIGNATED RESERVE (collected, not yet payable)** | | | | | | | | | | |
| U.S. Trustee fee allocation | 108.33 | - | - | - | 108.33 | 108.33 | - | - | - | 108.33 |
| Bank service fee allocation | 15.00 | - | - | - | 15.00 | 15.00 | - | - | - | 15.00 |
| **Cumulative Reserve Balance** | **123.33** | **123.33** | **123.33** | **123.33** | **123.33** | **246.66** | **246.66** | **246.66** | **246.66** | **246.66** |
| **Operating Cash (Ending Cash less Reserve)** | | | | | **6,775.00** | | | | | **6,775.00** |

EXHIBIT

A

exhibitsticker.com